## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| **SUSAN MESSMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **Civil Action, Case No.:** _____    5:09CV-165-R |
| **v.** | ) |
| | )     **JURY DEMAND** |
| **BLUEGRASS MARINE, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Susan Messmer, by and through her undersigned counsel, and for her Complaint states as follows:

### NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of the United States and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

### THE PARTIES

2.      Ms. Messmer is a resident of McCracken County, Kentucky.  Ms. Messmer was, at all relevant times, an employee of Defendant Bluegrass Marine, LLC at its facility in Paducah, Kentucky.

3.      Defendant is a Delaware limited liability company with its principal office at 150 Ballard Circle, Paducah, KY 42001.  Its registered agent for service of process is CT Corporation, which may be served at 4169 Westport Road, Louisville, KY  40207.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Messmer in McCracken County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

6.      Ms. Messmer worked for Defendant in various capacities over the course of thirteen years.

7.      Ms. Messmer worked in Defendant's Crew Dispatch department until October 2007 or November 2007.

8.      While she worked in Crew Dispatch, Ms. Messmer was required to be "on call" every third week.  Ms. Messmer was on call twenty-four hours per day during her on-call week.

9.      While she was on call, Ms. Messmer was required to answer phone calls pertaining to business issues and to take appropriate action based on the issues presented.

10.      Ms. Messmer received numerous calls during on-call periods.  These calls were so frequent that they interfered with her freedom to enjoy her non-work hours, to engage in personal business, and to engage in family or recreational activities.

11.      Defendant did not compensate Ms. Messmer for her on-call time.

12.      Aside from her on-call duties, Ms. Messmer also had to engage in substantial amounts of off-the-clock work while she was in Crew Dispatch.

2

13.     Ms. Messmer often had to work during her lunch period, after the end of business hours, and on weekends.

14.     Defendant did not compensate Ms. Messmer for any off-the-clock work while she was in Crew Dispatch.

15.     In October 2007 or November 2007, Defendant moved Ms. Messmer out of Crew Dispatch and placed her in Accounts Payable.

16.     In Accounts Payable, Ms. Messmer often had to perform off-the-clock work, including working during her lunch period, after the end of business hours, and on weekends.

17.     Defendant did not compensate Ms. Messmer for any off-the-clock work while she was in Accounts Payable.

18.     Defendant at all times paid Ms. Messmer on a salary basis.

19.     Ms. Messmer was not exempt from overtime pay in any position she held with Defendant.

20.     Defendant did not employ any time clock or other method of reporting and/or recording hours worked.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

21.     Ms. Messmer realleges and incorporates herein the allegations contained in Paragraphs 1 – 20.

22.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Ms. Messmer. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

23.     Ms. Messmer was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.  Ms. Messmer was entitled to be paid compensation for all hours worked to be paid overtime compensation for all overtime hours worked.

24.     As a result of Defendant's failure to pay Ms. Messmer for all hours worked, its failure to maintain records of her hours worked, and its failure to compensate her at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

25.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Messmer respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That a jury of twelve try this cause;

3.     That, upon the trial of this matter, Ms. Messmer be awarded judgment for damages of the lost compensation she suffered as a result of Defendant's violations of the FLSA in an amount to be proven at trial;

4.     That the Court issue an award of liquidated damages in an amount equal to Ms. Messmer's actual damages as a consequence of Defendant's willful violation of the FLSA;

6.     That costs and discretionary costs be taxed against Defendant;

7.     That costs and attorneys' fees be assessed against Defendant;

8.      That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

9.       That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11.     For such other and further relief as the Court may find appropriate.

Respectfully submitted,

_s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
                    TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Susan Messmer*

5